UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x



SEALED

UNITED STATES OF AMERICA        :        INDICTMENT

        - v. -                                  10 CRIM.          31 7

IGOR LEVIN,                           :
        a/k/a "Eric,"
        a/k/a "Tiger,"               :
        a/k/a "Trigger,"
YEVGENY SHVARTSSHTEYN,                :
        a/k/a "Gino,"
        a/k/a "Gino Shvary,"          :

                Defendants.          :

- - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/10

## COUNT ONE
### (Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

### Relevant Persons and Entities

        1.    At all times relevant to this Indictment, A.R.
Capital Group, Inc. ("A.R. Capital"), was a corporation organized
under the laws of the State of New York.  A.R. Capital operated
out of offices in New York City, including an office located at
39 Broadway, New York, New York.  A.R. Capital represented itself
to be an unregistered investment advisory firm.  A.R. Capital was
also an introducing broker for a foreign exchange fund that was
managed by another provider (the "FOREX Managed Accounts").

        2.    At all times relevant to this Indictment, A.R.
Capital Global Fund, L.P. (the "ARC Global Fund") was a limited
partnership organized under the laws of the State of New York,
with its principal office located at 39 Broadway, New York, New

York.  A.R. Capital was the general partner of the ARC Global
Fund.  The ARC Global Fund purported to be a hedge fund.

3.     From at least in or about 2004 up to and including
in or about September 2006, IGOR LEVIN, a/k/a "Eric," a/k/a
"Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a
"Gino," a/k/a "Gino Shvary," the defendants, were among the
individuals who controlled and operated A.R. Capital and received
a portion of the proceeds generated from the ARC Global Fund.

**THE SCHEME TO DEFRAUD**

4.     As set forth below, from at least in or about 2004
up to and including in or about September 2006, IGOR LEVIN, a/k/a
"Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY
SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants,
and others known and unknown, engaged in a scheme to defraud one
and more investors by inducing at least 70 investors to invest
approximately $20 million in the ARC Global Fund through the
purchase of limited partnership interests based on false and
fraudulent statements and representations of material fact, and
through omissions of material facts necessary in order to make
the statements made, in the light of the circumstances under
which they were made, not misleading.

5.     To effect this illegal scheme, IGOR LEVIN, a/k/a
"Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY
SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants,

2

and their co-conspirators made A.R. Capital brokers and cold-callers initially to solicit, and caused them to solicit, potential investors into the FOREX Managed Accounts.  The defendants and their co-conspirators subsequently made A.R. Capital brokers and cold-callers to induce, and caused them to induce, existing investors to purchase interests in the ARC Global Fund through the use of false and fraudulent representations.  These false and fraudulent representations included, among other things, claims that: (i) the ARC Global Fund was a hedge fund that invested primarily in the equity of international real estate companies; and (ii) the ARC Global Fund invested in real estate, oil, gas and other commodities.

6.    In marketing the investment in the ARC Global Fund to investors, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," and their co-conspirators, sent literature to prospective investors through the mail and by private and commercial interstate carrier that contained false and fraudulent statements and representations of material facts; and omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to, the following:

a.    The defendants and their co-conspirators caused an offering memorandum to be distributed to investors

which contained false, fraudulent and misleading information, including, among other things, a false description of the ARC Global Fund as a hedge fund that invested primarily in the equity of international real estate companies; a false representation that investors in the ARC Global Fund would be mailed annual reports and financial statements prepared in accordance with generally accepted accounting principles by an independent public accounting firm; and false and misleading biographical profiles of the principals of A.R. Capital;

      b.   The defendants and their co-conspirators caused a brochure to be distributed to investors which contained false, fraudulent and misleading information, including, among other things, a false description of the investment strategies of the ARC Global Fund;

      c.   The defendants and their co-conspirators caused false, fraudulent and misleading monthly account statements to be sent to investors in the ARC Global Fund;

      d.   The defendants and their co-conspirators paid commissions to individuals who were soliciting investors in the ARC Global Fund that were not disclosed to investors.

      7.   In or about February 2006, a co-conspirator not named as a defendant herein ("CC-1") purportedly sold A. R. Capital to another co-conspirator not named as a defendant herein ("CC-2") for the sale price of approximately $150,000.  At the

time of the sale, the ARC Global Fund had approximately $15 million of investor funds under management, and A.R. Capital purportedly earned a fee of 3% per annum for managing the ARC Global Fund and a yearly performance fee of 15% of the gross realized and unrealized profits of the ARC Global Fund.

       8.    From in or about February 2006 up to and including in or about September 2006, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," CC-2, and others working under their supervision and control continued to solicit additional investors in the ARC Global Fund by engaging in deceptive acts, practices, and courses of business; making false and fraudulent statements and representations of material fact; and omitting material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to: (a) distributing a document to investors that included a summary of A.R. Capital's purportedly audited annual performance containing falsely inflated annual returns for the years 2003, 2004 and 2005; (b) making false oral representations to investors about the nature of ARC Global Fund's investments; and (c) concealing the true identities of the individuals soliciting investments by using names other than their own.

## Statutory Allegation

9.     From at least in or about 2004 up to and including in or about September 2006, in the Southern District of New York and elsewhere, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

10.     It was a part and an object of the conspiracy that IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which

6

they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person, in connection with the purchase and sale of securities, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

### OVERT ACTS

11.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about March 2004, an investor met with a co-conspirator not named as a defendant herein ("CC-3") in New York, New York to discuss an investment in the ARC Global Fund.

b.   In or about early 2006, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," met in Brooklyn, New York to discuss the operations of A.R. Capital.

c.   On or about March 8, 2005, LEVIN and SHVARTSSHTEYN and their co-conspirators caused an investor to wire transfer approximately $1,819,000 from Ohio to a bank account maintained by A.R. Capital in New York, New York.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

12.    The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth herein.

13.    From at least in or about 2004 up to and including in or about September 2006, in the Southern District of New York and elsewhere, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants, unlawfully, willfully and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons in connection with the purchase and sale of securities, to wit, in order to solicit investors into the ARC Global Fund, the defendants and other individuals working under their supervision made false

8

representations about, among other things, the nature of the fund's investments, the fund's performance, the biographical profiles of the fund's principals, and whether the fund's financial statements would be audited.

(Title 15, United States Code, Sections 78j(b) & 78ff;   Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Conspiracy to Commit Wire Fraud and Mail Fraud)

The Grand Jury further charges:

14.   The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth herein.

15.   From at least in or about 2004 up to and including in or about September 2006, in the Southern District of New York and elsewhere, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to commit: (a) wire fraud, in violation of Title 18, United States Code, Section 1343; and (b) mail fraud, in violation of Title 18, United States Code, Section 1341.

16.   It was a part and an object of the conspiracy that IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and

YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly, having devised and intending to devise a scheme
and artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations, and
promises, would and did transmit and cause to be transmitted by
means of wire, radio and television communication in interstate
and foreign commerce, writings, signs, signals, pictures, and
sounds for the purpose of executing such scheme and artifice, in
violation of Title 18, United States Code, Section 1343.

      17.  It was further a part and an object of the
conspiracy that IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a
"Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino
Shvary," the defendants, and others known and unknown,
unlawfully, willfully, and knowingly, having devised and
intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations and promises, for the purpose of
executing such scheme and artifice and attempting so to do, would
and did place in a post office and authorized depository for mail
matter, matters and things to be sent and delivered by the Postal
Service, and would and did deposit and cause to be deposited
matters and things to be sent and delivered by private and
commercial interstate carrier, and would and did take and receive

10

therefrom, such matters and things, and would and did knowingly cause to be delivered by mail or such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
### (Wire Fraud)

The Grand Jury further charges:

18.  The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth herein.

19.  From at least in or about 2004 up to and including in or about September 2006, in the Southern District of New York and elsewhere, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing such scheme and artifice, to

11

wit, the defendants and others working under their supervision made false representations about, among other things, the nature of the ARC Global Fund's investments, the fund's performance, the biographical profiles of the fund's principals, the identities of the individuals soliciting investments in the fund, and whether the fund's financial statements would be audited in order to induce wire transfers, including a wire transfer of approximately $1,819,000 to be sent from Ohio to New York, New York on or about March 8, 2005.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

20. As the result of committing the securities fraud and wire fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 1343 and 2, as alleged in Counts One through Four of this Indictment, IGOR LEVIN, a/k/a "Eric," a/k/a "Tiger," a/k/a "Trigger," and YEVGENY SHVARTSSHTEYN, a/k/a "Gino," a/k/a "Gino Shvary," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of this Indictment.

12

## Substitute Asset Provision

21.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1343, Title 28, United States Code, Section 2461, Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5).


FOREPERSON

PREET BHARARA
United States Attorney

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

IGOR LEVIN,
      a/k/a "Eric,"
      a/k/a "Tiger,"
      a/k/a "Trigger," and
YEVGENY SHVARTSSHTEYN,
      a/k/a "Gino,"
      a/k/a "Gino Shvary,"

Defendants.

**INDICTMENT**

10 Cr.

(Title 15, United States Code,
Sections 78j(b) and 78ff;
and Title 18, United States Code,
Sections 371, 1343, 1349 and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____ Foreperson.

Indictment filed arrest warrant
issued. T. Quara, USMs