

Joseph Mure Jr & Associates
Attorney At Law
26 Court Street, Suite 2810
Brooklyn, New York, 11242
(718) 852-9100

17 March 2011

Hon. Judge Sidney Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
VIA OVERNIGHT COURIER

RE: **SENTENCING MEMORANDUM**
**United States v. Yevgeny Shvartsshteyn**
**Docket No. S1 10 CR 31-02 (SHS)**

Dear Judge Stein,

As you are aware, our offices represent the above referenced individual.

Yevgeny Shvartsshteyn is presently scheduled to be sentenced before Your Honor on 25 March 2011.

On 1 December 2010, Mr. Shvartsshteyn pled guilty to a one count Superseding Information before the Honorable Ronald L. Ellis. Specifically, Mr. Shvartsshteyn allocuted to conspiring with others to commit mail fraud and wire fraud from 2005 through September 2006 in violation of 18 U.S.C. §1341 and §1343.

Based upon a Total Offense Level of 28 and a Criminal History Category of II, Mr. Shvartsshteyn's advisory guideline custody range as set

1

forth in the Department of Probation's Presentence Report is 87-108 Months.

## I) The Sentencing Disparity Among Yevgeny Shvartsshteyn and His Co-Conspirators.

§3553(a)(6) directs that, in determining a sentence sufficient but not greater than necessary to achieve the purposes of sentencing, the court "*shall consider... the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*"

Thus, Courts may consider disparities among co-defendants. See United States v. Wills, 476 F.3d 103, 110 ("*We do not, as a general matter, object to district courts' consideration of similarities and differences among co-defendants when imposing a sentence*"); United States v. Florez, 447 F.3d 157-58 (2d Cir. 2006) (noting the sentencing court's discretion to consider sentencing disparities between co-defendants); United States v. Fernandez, 443 F.3d 19, 32 n.9 (2d Cir. 2006).

Indeed, many courts have deemed it an appropriate factor to consider when imposing sentence, or have ensured that any resulting disparities were warranted by legitimate considerations. See United States v. Bidon, No. 05-CR-128 1, 2006 U.S. Dist. LEXIS 77589 at * 15 (S.D.N.Y. Oct. 24, 2006) (finding it "*appropriate*" to impose non-guidelines sentence similar to that of a co-defendant in order to avoid disparities for similarly situated defendants); United States v. Ortiz-Zayas, No. 02-CR-837, 2005 U.S. Dist. LEXIS 11973, at *4.8 (S.D.N.Y. June 17, 2005) (imposing, on remand post-Booker, a non-guidelines sentence in order to avoid unwarranted disparity with a co-defendant's sentence under Section 3 553(a)(6)).

In the instant matter, Daniel Ledven and Alan Fishman began operating A.R. Capital and the ARC Global Fund - the entity and offering in which the operative mail and wire fraud occurred – in 2003 (PSR ¶16). Mr. Shvartsshteyn did not personally become involved in the Ledven / Fishman criminal conspiracy until sometime in 2005 – "*after the fund was up and running*" (¶18).

Daniel Ledven, whom the Government described as "*a mastermind of the scheme and one of its primary operators*" who was responsible for defrauding more than 70 investors out of more than fifteen million dollars,

pleaded guilty to Conspiracy to Commit Securities Fraud before the Honorable Denise L. Cote and was sentenced to 57 months imprisonment on June 24, 2010. Alan Fishman, the President of the fraudulent venture, pleaded guilty to the same offense and was sentenced to 46 months imprisonment on June 24, 2010.

Notwithstanding the fact that Ledven and Fishman established the criminal infrastructure at issue and orchestrated the fraud in question for two (2) full years prior to any participation by Shvartsshteyn, Mr. Shvartsshteyn stands before this Court facing 87-108 months – potentially double that dispensed to arguably more culpable co-conspirators[1]. It is respectfully submitted that this disparity in custodial terms should be given due consideration by this Court in its fashioning of a reasonable sentence.

## II) Yevgeny Shvartsshteyn's Pretrial Supervision and Family Circumstances.

As confirmed by ¶12 of the PSR, Yevgeny Shvartsshteyn has been fully compliant with all terms and conditions of his pretrial supervision, which initially required he adhere to strict home detention with electronic monitoring.

With Your Honor's approval to secure a job on June 7, 2010, Mr. Shvartsshteyn has gone on to maintain stable gainful employment as a Manager at NuCare Pharmacy West located at 250 9th Avenue, New York, New York[2].

Moreover, after having been provided additional liberties on September 16, 2010 by way of a daily curfew restriction from 11:00PM to 7:00AM, Mr. Shvartsshteyn's release has remained incident free.

Mr. Shvartsshteyn has utilized the privileges associated with this free time to entertain his twin daughters, now 9 years of age, who have become frequent visitors to his home.

---

[1] Notwithstanding the fact that Mr. Shvartsshteyn is in Criminal History Category II, we believe the magnitude of this differential remains relevant.
[2] In recent years, Mr. Shvartsshteyn had attempted to launch several small legitimate business ventures involving consumer goods which regrettably failed due to the economy.

3

Freed of his home detention, Shvartsshteyn has similarly been able to attend to his mother who suffers from a heart condition requiring cardiologic specialist care and prescription medication.

### III) Yevgeny Shvartsshteyn Possesses a History of Alcohol Abuse.

The Department of Probation's Presentence Report accurately discloses that Mr. Shvartsshteyn possesses an extensive history of alcohol abuse (PSR ¶79).

After first consuming alcohol at age 17, Mr. Shvartsshteyn began to repeatedly drink in excess to the point of intoxication. The foundation of this alcohol addiction can be attributed to his misplaced understanding that drinking is a badge of honor within Shvartsshteyn's Russian culture; this belief having been borne from observations of his father excessively imbibing throughout his childhood.

Mr. Shvartsshteyn's inability to voluntarily cease his own excessive consumption of alcohol ultimately led to the termination of his marriage, the estrangement of his wife as well as the relocation of his two young daughters from New York to Florida – complicating the exercise of his rights of visitation in the process (PSR ¶64).

Having reduced his cherished family unit to shambles through alcoholism, Mr. Shvartsshteyn voluntarily enrolled in an outpatient treatment program in late 2004. In connection with the foregoing, he attended group and individual counseling sessions twice per week in a strenuous endeavor to discontinue his consumption of alcohol and achieve rehabilitation (PSR ¶80).

His progress was ultimately derailed and Shvartsshteyn discontinued treatment in 2005 prior to completion of the program. With his alcoholic tendencies remaining intact, Mr. Shvartsshteyn continued to regularly consume excessive amounts of vodka.

More recently, Mr. Shvartsshteyn has been treated by Dr. George Liakeas, M.D. for symptoms and concerns related to a history of alcohol abuse and addiction. As confirmed by the enclosed Exhibit A, Dr. Liakeas has prescribed Shvartsshteyn with certain medication in connection with the foregoing.

Inasmuch as addiction is a chronic form of pathology, rehabilitative measures can militate against one's life history and psychological development – rendering an individual less prone to recidivism in the process. See United States v. Sklar, 920 F. 2d 107 (1st. Cir. 1990); United States v. Maier, 777 F. Supp. 293 (S.D.N.Y. 1991) affirmed 975 F. 2d 944 (2nd Cir. 1992); United States v. Harrington, 947 F. 2d 962 (D.C. Cir. 1991). As such, it is respectfully submitted that Yevgeny Shvartsshteyn will reap substantial benefits from enrollment in the Bureau of Prisons' Residential Substance Abuse Program.

### IV) Yevgeny Shvartsshteyn's Acceptance of Responsibility.

The matter for which Mr. Shvartsshtey stands before this Court occurred approximately four and one-half (4 ½) years ago.

Yevgeny Shvartsshteyn has accepted responsibility for his actions and stands before this Court prepared to serve a custodial sentence fashioned by this Court after consideration of the factors set forth in this memorandum.

It is Mr. Shvartsshteyn's sincerest desire to place this matter behind him as expeditiously as possible while concomitantly building a rehabilitative foundation for the future. We respectfully submit that the very high regard in which Mr. Shvartsshteyn is held by his family, friends and peers, as confirmed in attached correspondence, ensure he will return to a network of support to assist him through this process (Exhibit B: Character Letters from Professor Theodore Kennedy, PHD; Dr. Alexander Barkan; Mark Bedsen; Inna Kadymov; Fira Zeva; Edward Borisov; Shorefront YM-YMHA; Malvina Godish; Russell Shvartsshteyn; Flora Becker; Michael Becker; Elana Tobengauz; Gennady Shvartsshteyn; Faina Shvartsshteyn; Garry Elkin; the Global Jewish Assistance & Relief NetowokRobert Marchini RPh; William Duker and Anna Lev).

### V) Conclusion.

After considering the Guidelines as well as the Policy Statements set forth in 18 U.S.C. §3553(a), we respectfully request the Court fashion a reasonable sentence of Mr. Shvartsshteyn at the low end of his applicable guideline range.

We further request that the Court formally recommend Mr. Shvartsshteyn be designated to the Federal Correctional Institute at Fort Dix,

New Jersey where he be afforded the privilege of enrollment in the Bureau of Prisons' Residential Substance Abuse Program.

## VI) Outstanding Objection to the Probation Report.

Mr. Shvartsshteyn's Probation Report contains a false unsubstantiated footnote that he was purportedly involved with a Russian prison gang. Other than a one sentence footnote, no specifics are provided with respect to this gang or any criminal activities allegedly undertaken by it.

Inasmuch as the continued incorporation of this skeletal claim within the PSR will result in Mr. Shvartsshteyn designation to a Bureau of Prisons' facility with a High security clearance, we request the Court Order it removed.

It is respectfully submitted that any failure to address this erroneous reference will serve to unfairly deprive Mr. Shvartsshteyn of much needed alcohol counseling as well as more appropriate conditions of confinement.

Thank you for your continued consideration in this matter.

Respectfully Submitted,

Joseph Mure, Jr., Esq.

cc:   A.U.S.A. Daniel Goldman